COBB & DUNCAN *et al.*, plaintiffs in error, *vs.* WALTER DORTCH, defendant in error.

1. In a suit on a bond where the breach is alleged with sufficient certainty to form an issue, the declaration is not demurrable.
2. An award of arbitrators reduced to writing in plain, unambiguous terms, in the absence of fraud or mistake, cannot afterwards be shown by the arbitrators themselves, or by other parol evidence, to mean other than what is expressed upon its face.

Pleadings. Bond. Award. Evidence. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

Dortch brought debt against Cobb & Duncan, as principals, and James M. Leonard, as security, on a bond dated October 26th, 1871, in the sum of $2,000 00, conditioned as follows :

"The condition of this bond is such, that whereas differ-

ences have arisen between said Cobb & Duncan of the one part, and Walter Dortch of the other part, in regard to mill damages set forth in an agreement heretofore signed by the parties above named, and bearing even date with this instrument, and having agreed to submit the same to A. W. Redding, Thomas J. Watt, and S. J. Jenkings, as umpire, if needed. Now, if the said Cobb & Duncan shall, on their part, do and perform the award which the said arbitrators may make under their hands and seals, within thirty days after the date of the award, then this bond to be void; else of full force and effect."

The plaintiff assigned the breach of 'said condition thus : " That the said Cobb & Duncan did not, on their part, do and perform the award which the said arbitrators did make under their hands and seals, within thirty days from the date of the award, or at any other time, but the same to do have wholly failed, because plaintiff avers that said arbitrators, to-wit: A. W. Redding, Thomas J. Watt and S. J. Jenkins, on October 26th, 1871, under their hands and seals, did award and decide as follows :

"WALTER DORTCH *vs.* DUNCAN & COBB.

" The referees, chosen to arbitrate the matters in dispute between said parties have made the following award : That the claimant, Walter Dortch, is entitled to $400 00, with the present height of the dam, but if the said Dortch will agree to the raising of the dam eighteen inches, then the said Duncan & Cobb shall pay the said Dortch $600 00.

" And plaintiff alleges that said Duncan & Cobb did not choose to raise said dam, and that said Duncan & Cobb have failed and refused to pay your petitioner said sum of $400 00 within thirty days from the making of said award, or any part thereof, and wholly refuse to pay the same," etc.

The defendants demurred to the declaration upon the ground that no sufficient breach was alleged. The demurrer was overruled, and defendants excepted.

For the remaining facts, see the decision.

INGRAM & CRAWFORD, for plaintiffs in error.

M. H. BLANDFORD; JOSEPH F. POU, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a bond to abide the award of arbitrators in a certain matter of controversy submitted to arbitration. The declaration set forth the bond, the award, and alleged as a breach of the bond, the non-performance of the award made by the arbitrators. The defendants demurred to the plaintiff's declaration on the ground that there was no sufficient breach of the bond alleged, which demurrer was overruled by the court, and the defendants excepted. The plaintiff then offered in evidence the arbitration bond, the submission of the parties of the subject matter of arbitration, and the award, which submission and award is as follows:

"Whereas, certain disputes exist between the said parties, arising by reason of a mill-dam, being built by Cobb & Duncan, backing water upon the lands of Walter Dortch, as alleged by him, and for the purpose of satisfactorily adjusting such differences, it is agreed by the said parties that the matters in dispute between them be submitted to A. W. Redding, of Harris county, and Thomas J. Watt, of Muscogee county, and S. J. Jenkins, of Muscogee county, as umpire, if needed."

Said agreement dated October 16th, 1871, and the same day agreed upon for the arbitrators to meet, said agreement also making the usual provisions for the introduction of testimony in relation to the back-water and damages to the land of the said Dortch; the matters submitted to the arbitrators being the present and prospective damages sustained, and to be sustained, by the said Dortch by reason of the . dam and back-water, said agreement providing also for the rendition of the

award and the giving of thirty days' notice, and demanding compliance before any suit on said bond.

(Signed)          " WALTER DORTCH, [L. S.]
                   "COBB & DUNCAN, [L. S.]"

The referees chosen to arbitrate the matters in dispute between the parties, made the following award:

"That the said Walter Dortch is entitled to $400 00 damages, with the present height of the dam; but if the said Dortch will agree to the raising of the dam eighteen inches, then the said Duncan & Cobb shall pay the said Dortch $600 00.

"Witness our hands, October 16th, 1871.

                   "A. W. REDDING,   [L. S.]
                   "THOMAS J. WATT, [L. S.]
                   "S. J. JENKINS,      [L. S.]"

Plaintiff also read in evidence written notice of the award and demand for payment, December 19th, 1871. All of which was admitted on the trial by defendants. And, thereupon, plaintiffs closed their case.

The defendants then offered to read in evidence the testimony of S. J. Jenkins: "That he was one of the arbitrators in said case; that the award, as set forth by the plaintiff, was not the whole award; that when said award was written out and announced to the parties, it was announced, also, that if Cobb & Duncan should lower their dam, that is, abate the nuisance, then, that being done, it would avoid the award of $400 00, and should be in full satisfaction of the same; that the reason the arbitrators did not write out the same in the first instance, was that the arbitrators all agreed among themselves, that the lowering of the dam would avoid all damages, and the arbitrators believed and announced that the law would imply that as a necessary consequence; that the paper purporting to be an award, dated the 16th of November, 1871, was signed by authority of witness, and was signed by the other arbitrators; that said paper contained the only true and full award made by the arbitrators; that he did not sign the original wri-

ting as the full award; and that he would not have signed the same but for the agreement that the abatement of the nuisance, or lowering the dam, would avoid the payment of the $400 00." To the reading of which testimony plaintiff objected. The court sustained the objection, and defendants excepted.

The defendants offered to prove by Isham Brooks as follows : That he was present when the original award was made and published; that at the time the arbitrators announced verbally that if Cobb & Duncan would lower their dam that would avoid the payment of the award of $400 00; and the arbitrators said it was not necessary to put that in writing, as the law would imply that as a necessary consequence." To which testimony plaintiff objected. The court sustained the objection and the defendants excepted, and, thereupon, said Cobb & Duncan were both introduced and sworn, and each of them proposed to prove as follows : "That they were present when the arbitrators were about to make the award; that, whilst the same was being reduced to writing by one of them, the others announced verbally what the award was to be, to-wit : that Dortch was to receive $400 00, if they retained their dam as it was, but if they lowered it, so as not to overflow Dortch's lands, or to abate the nuisance, that would avoid the payment of the $400 00; and when the award was read out and that provision was not in it, the question was asked the arbitrators why that was not put in writing, and they replied that the law would imply that as a necessary consequence; and that some short time after the said arbitration, they did lower their dam so as never to overflow the lands of said Dortch." To which testimony plaintiff objected. The court sustained the objection and defendants excepted, and the same facts proposed to be proven by the said Cobb & Duncan, the defendants proposed to prove by Asa Lynch and George B. Heard, witnesses then in court. Plaintiff objected, and the court sustained the objection; to which decision defendants excepted, and thereupon the defendants produced a paper writing purporting to be an award by the arbitrators, A. W. Red-

ding, Thomas J. Watt and S. J. Jenkins, dated November 16th, 1871, and having proven that the same was signed by the arbitrators, defendants proposed to read the same in evidence, which paper writing was as follows:

"GEORGIA—Muscogee county:

"The undersigned, arbitrators of a matter referred to them by Mr. Dortch on the one part, and Cobb & Duncan on the other part, touching the water privileges on the land of said Dortch, give the following as their recollection of the words used in expressing their award: That said Dortch receive $400 00 damages, and the said Cobb & Duncan to hold their water to where it now is held this day; or, if the consent of Dortch can be obtained, they give him $600 00 and raise their dam eighteen inches higher than it now is, this 16th October, 1871. The arbitrators agreed among themselves that if the said Cobb & Duncan choose, they must abate the nuisance to avoid the above award. This was not written to our rendition in the award, for they agreed that the law would imply that as a necessary consequence. This 26th day of November, 1871.

"A. W. REDDING,
"THOMAS J. WATT,
"S. S. JENKINS,
                "Arbitrators."

To the reading of which paper in evidence the plaintiff objected. The court sustained the objection, to which decision defendants excepted; thereupon, defendants closed their case. The court charged the jury, and they returned a verdict for plaintiff for $400 00, with interest and costs of suit.

1. We find no error in overruling the demurrer to the plaintiff's declaration. The breach of the bond was alleged with sufficient certainty to form an issue between the parties at the trial.

2. The main question presented by the record and bill of exceptions for our judgment is, whether an award of arbitra-

tors, reduced to writing in plain, unambiguous terms, can afterwards be shown by the arbitrators themselves, or by other parol evidence, that the award does not mean what it clearly purports to mean on the face of it, but was intended to mean something else not expressed in the award.  If that can be done, in the absence of fraud or mistake, then the award of arbitrators is of but little value; it would settle nothing in relation to the subject matter of their award; besides, it is as much against public policy to allow arbitrators to impeach their own award after it has been made, reduced to writing, and delivered to the parties making the submission, as it would be to allow jurors to impeach their own verdict after it had been made and delivered to the court.  The question submitted to the arbitrators was as to the present and prospective damage which the plaintiff had and would sustain by the erection of the defendants' dam, and the backwater caused thereby on his land.  The arbitrators, after hearing the evidence, decided and awarded that the plaintiff was entitled to the sum of $400 00 as damages, with the present height of the dam, but if the plaintiff would agree for the defendants to raise their dam eighteen inches, then the defendants should pay him $600 00.  There was some criticism upon the words in the submission " of a mill-dam *being* built," as these words, it was insisted, indicate that the dam was not actually built, but in the process of being erected.  We think it is quite manifest, from the submission and the award, that the dam was already built, for the award states that the plaintiff is entitled to $400 00 damages, with the *present* height of the dam, but if the plaintiff will agree to the *raising* of the dam eighteen inches, then the defendants should pay $600 00. If the dam had not been built, the arbitrators could not have known its present height, and they would not have said anything about raising of the dam eighteen inches.  The plain, common sense meaning of the award is, that the defendants were to pay the plaintiff $400 00 for the damage sustained by him by backing water on his land in consequence of the present height of their dam, and such is the fair legal inter-

pretation of the award. The legal effect of the award is to give to the defendants an easement on the plaintiff's land to back water thereon with their dam at its present height, on payment to him therefor the sum of $400 00. If the arbitrators had only awarded the plaintiff $10 00 damage, *he* would . have been bound by the award, and why should not the defendants be bound by it? In our judgment, all the evidence which was offered by the defendants and ruled out by the court, as stated in the bill of exceptions, was properly ruled out.

Let the judgment of the court below be affirmed.