JAMES J. HARPER, ordinary, plaintiff in error, *vs.* THE COMMISSIONERS OF ROADS AND REVENUES OF THE COUNTY OF PIKE, defendants in error.

1. A party to an arbitration who appears before the arbitrators and takes part in the proceedings without objection, cannot object to the award being made the judgment of the court, under section 4249 of the Code, on the ground that he did not get ten days legal notice of the time and place of meeting.

2. An objection that an award is contrary to the evidence is demurrable unless the evidence be fully set forth.

3. That arbitrators were not satisfied with certain receipts, purporting to be vouchers of money paid by an ordinary in the disbursement of the poor school fund, and treated them as duplicates of other receipts, it appearing that they were of the same date and amount signed by the same parties, is, if an error at all, an error of judgment on the facts, and it is too late after the award is made, to insist that such receipts could have been shown to have all been originals, and this is especially so if the ordinary was aware of the objection to the receipts, before or during the sittings of the arbitrators, and neglected to explain them.

4. Whilst it is apparent from the record that there was much informality in the proceedings of the arbitrators in this case, yet, as the jury have found, under the evidence, upon the specifications in the objections, that the objector was present at the sittings and took part in them without objection, and had a fair opportunity to be fully heard, we do not feel authorized to disturb the finding. If injustice has been done in the award, it has been in consequence of the complainant's own neglect.

Arbitrament and award. Waiver. Evidence. *Laches.* Before Judge HALL. Pike Superior Court. April Term, 1874.

On December 15th, 1871, the Commissioners of Roads and Revenues of Pike county, representing the poor children and their teachers, acting under the advice and direction of the grand jury, of the one part, and the ordinary of said county, of the other part, submitted to arbitration the differences existing between them as to the amount of funds in the hands of said ordinary. On April 11th, 1872, the arbitrators awarded, in favor of the board of commissioners, etc., principal, $462 44, and interest, $64 74, as being the balance due by the ordinary on the poor school fund. Objection was made to said award's being made the judgment of the court upon the following grounds:

1st. Because the defendant had no legal notice of the time and place of the sitting of the arbitrators.

2d. Because said arbitrators declined to swear the defendant and allow him to testify in his own behalf to explain the genuineness of certain receipts offered by him as vouchers, or permit him to be present when his books were examined, and said matters of account were investigated.

3d. Because said arbitrators refused to allow the receipts offered by the defendant as vouchers to prove the legal disbursement of the poor school fund.

4th. Because said award was contrary to the evidence.

The court, on motion, struck the third and fourth grounds of exception, because not accompanied by a brief of the evidence introduced before the arbitrators, and the defendant excepted.

Harper *vs.* The Commissioners, etc., of Pike county.

Upon the remaining exceptions the evidence was, in brief, as follows: The arbitrators and umpire were sworn as provided by statute. This affidavit was delivered to the clerk of the superior court, but could not be found. Some days before the trial commenced, Charles F. Redding, the arbitrator selected by the defendant, was asked by the latter when they would proceed to hear the case, as he desired to notify his counsel. He informed defendant that there would be no counsel on the other side, upon which the latter stated that then he would have none. After this, upon the meeting of the arbitrators, the defendant was sent for. No written notice of the time and place of meeting was served upon him. The defendant appeared and produced the books and vouchers containing receipts and disbursements of the poor school fund. He made his statement and said that he was ready to be qualified to it. One of the arbitrators replied that it was unnecessary, as they would consider it as made under oath. There was no refusal to hear any statement offered by defendant. No testimony of any kind offered was rejected. The plaintiffs introduced no evidence. The award was made from the books, vouchers and statement of defendant. The defendant, upon appearing, did not object to proceeding; asked for no delay or continuance; said something about some absent witnesses, and mentioned the names of McDowell, Pounds and others. It was then understood that he could produce his witnesses at a future time. There were two or three sittings of the arbitrators, of which the defendant had notice, but the witnesses were not produced.

The evidence leaves it in doubt whether the defendant was present at any but the first meeting, or whether he was notified prior to the day of any one of the meetings.

The case was pending several weeks.

The jury found in favor of the award. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in striking the 3d and 4th objections to the award being made the judgment of the court.

2d. Because the court erred in admitting the award in evi-

dence, it not appearing in writing that the arbitrators had been sworn.

3d. Because the court erred in admitting said award in the absence of proof of written notice to the defendant of the time and place of the meeting of the arbitrators.

4th. Because the court erred in refusing to charge that the defendant should have been notified of the time and place of meeting of said arbitrators at least ten days previous thereto, and should have received a similar notice of every subsequent meeting ; and in charging that if the defendant had verbal notice of the time and place of meeting, and appeared before the arbitrators without objection as to notice, then the notice was sufficient, and if the arbitrators adjourned over from the regular time of meeting, it was their duty to give the statutory notice of the time and place of meeting, but if the defendant had verbal notice and appeared before the arbitrators without objection as to notice, then the notice was sufficient.

5th. Because of newly discovered evidence.

In support of this last ground was attached the affidavit of Charles F. Redding, to the effect that he was one of the arbitrators ; that the amount found against the defendant by the award, was reached by charging him with the sum which appeared from his books to have gone into his hands, and by crediting with the various amounts shown to have been paid out by the receipts or vouchers produced by him ; that in some instances the arbitrators discovered two receipts, identical in every respect, in which cases they credited the defendant with the amount of one such voucher, regarding the other as a duplicate.

Also, an affidavit of another of the arbitrators to the same effect.

Also, affidavit of P. H. McDowell, to the effect that he never gave to the defendant any receipt except in acknowledgment of the payment of money ; that to the best of his recollection he never gave duplicate receipts; that he would have so testified had he been sworn before the arbitrators.

Also, affidavit of E. T. Pound, to the same effect as to receipts given by him.

The motion was overruled and defendant excepted.

BOYNTON & DISMUKE; J. D. STEWART; E. W. BECK, for plaintiff in error.

A. M. SPEER, for defendants.

McCAY, Judge.

1. We see no reason why the law requiring ten days' notice of the time and place of the sitting of arbitrators, should not be construed like the law requiring service of a process. Even in a regular suit, if the party appear, he waives irregularities in his service : Code, section 3335. And this is a very just provision. Why should a party who has appeared before the arbitrators, taken part in the procedings, presented his books and vouchers, and made his statement, not be held estopped to say he did not have notice. He took the chances of a decision in his own favor, and he ought not, when the decision is against him, be permitted to say he was not notified. It is a general rule of pleading and practice that parties must take advantage of defects in the proceedings, before any further action on their part. If they go on as though all were right, they are held to waive the defect.

2. That an award is illegal because contrary to the testimony before the arbitrators, is plainly a question of law, and for the court to decide. It is not one of the issues to go before a jury, and, therefore, all the facts necessary to determine it, should be set out in the exceptions, to-wit: the whole of the testimony taken before the arbitrators.

3. Whether these receipts were, in fact, for proper payments, was a question for the arbitrators to decide. In a case like this the officer who disburses public funds ought to have something more than loose receipts from men purporting to have claims on the fund. The accounts of the teachers, properly verified, ought to be on file, and perhaps, if there was

nothing before the arbitrators but the receipts, it would not have been illegal for them to have refused to notice any of them. The evidence shows that the attention of the plaintiff in error was called to the suspicious circumstances connected with these papers, and though he had every opportunity to bring forward his witnesses, he failed to do it. Nor are we satisfied, even now, by anything in the record, that these receipts are evidence of any proper disbursement of the fund. That the parties giving them will swear that they never gave receipts without getting money, is a small matter. It should appear that the money was properly paid; it should appear not only that the men got the money, but that they were entitled to it.

4. Without doubt, this arbitration was conducted informally, but under the evidence on the points in the specifications that were not stricken out by the judge, we cannot think the finding of the jury wrong. If injustice has been done to the plaintiff in error, it has come from his own negligence in not having his vouchers properly sustained, either by the witnesses who gave them, or by the other papers, to-wit: the teachers' accounts, properly verified and audited, which ought to be of file somewhere.

Judgment affirmed.