### PIKE *vs.* STALLINGS.

1. Certain matters, in controversy between the parties, were submitted to arbitration on the following agreement: "Whereas there is a certain controversy or disagreement between Luther Stallings and Ellen Pike, both of said county and state, regarding a sale of a certain tract of land in said county, upon which said Luther Stallings has made one crop, and touching the terms of said sale and the personalty included in said sale. And whereas said both parties wish to rescind said trade, and said Ellen Pike and Luther Stallings cannot agree as to the amount to be paid by said Ellen Pike to said Luther Stallings, and Ellen Pike take the crop as it now stands, and trade be canceled; or the amount to be paid by Luther Stallings to said Ellen Pike, and Luther Stallings take the crop as it now stands, and trade be canceled. Now, therefore, know all men by these presents, that the said Ellen Pike and Luther Stallings have agreed, and do hereby agree, to and with each other, the one to the other, to submit to Ira J. Newman, selected by Luther Stallings; William Halroyd, selected by Ellen Pike, and John J. Newman, selected by said Ira J. Newman and William Halroyd, the entire settlement of said matters in dispute; and they the said Ellen Pike and Luther Stallings hereby mutually bind themselves, each to the other, their heirs and legal representatives, to stand to and abide and comply with the decision that shall be made by said arbitrators touching such settlement, or a majority of said arbitrators. They further agree that, in order that they shall be compelled to abide the same, that the decision of said arbitrators shall have the same force as a judgment of the superior court would have, and that said decision, when reduced to writing, shall be made the judgment of the superior court at this October term ensuing, by consent of both parties hereto, which is hereby given; and that, in the event said award has not been previously complied with, that upon making the same the judgment of the superior court as above provided, that execution for the sum awarded as aforesaid issue instanter in favor of one or the other party, as the award may be in favor of the one or the other:"

   *Held*, that the only matter submitted to the arbitrators is, who shall take the crop, and what shall be paid the other party therefor.

2. An award in the following: "We, the arbitrators, find and agree that Ellen Pike pay Luther Stallings five hundred and fifty dollars, and take the crop as it now stands, on the said plantation in controversy," is sufficiently certain.

3. Appearance of parties at the time and place of the arbitration waives all notice and similar defects.

Mize, sheriff, vs. Blalock.

4. Appearance of the wife by the husband as her agent has the same legal effect as appearance by herself. 61 *Ga.*, 171.

5. Receipt by one party of that which is awarded to such party, will estop that party from refusing to comply with the award in favor of the other party, on the plea of illegality or irregularity in the award. Therefore the receipt of the crop by Ellen Pike will estop her from setting up illegalities and irregularities as reasons for not paying therefor the amount of money awarded to Luther Stallings. Code, §2194; 51 *Ga.*, 348; 58 *Ib.*, 479.

Judgment affirmed.

December 4, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.

[Luther Stallings and Mrs. Ellen Pike, having become involved in a controversy, agreed to submit the same to arbitrators, as set out in the first head-note. The arbitrators made the award set out in the second head-note, and it was returned into the court. Mrs. Pike filed numerous exceptions, among the grounds of which were want of notice, and that she was not present. It appeared, however, that her husband, who lived on the place with her, and who was her agent in connection with the planting, was present, and represented her. It also appeared that she had received the crops under the award. Another ground was that the award did not cover all of the issues submitted, and no award was made as to the land itself.

The case was submitted to the court without a jury. He decided in favor of the award, and Mrs. Pike excepted.]