## FOWLER *v.* JACKSON.

1. After an umpire had been duly selected by arbitrators, and had been sworn as such, the discharge of such umpire from consideration of the case at the instance and request of plaintiff, and the substitution of another in his stead without the consent of defendant, did not furnish a good ground for an exception to the award, it not appearing that the defendant made any objection to the other person acting as umpire, and the defendant having gone on and submitted his case to the arbitrators with such other acting as umpire without objection.

2. Where the suit was for damages to the lands of plaintiff and to his crops, and also for expenses incurred by plaintiff in ditching the lands, clearing the ditches, etc., and the submission provided that the award to be made should cover "all damages to lands, crops, etc.," an exception because the arbitrators awarded damages for the "crops and lands and expenses incurred in ditching, etc.," was not well-taken.

3. The finding of the arbitrators being authorized by the articles of submission, an exception that the evidence showed that the supposed damages of plaintiff could not be more than the imaginary or possible result of defendant's acts and were therefore too remote to be the basis of a recovery, should have been stricken on demurrer.

v 86-22

4. Exceptions which complained that the award was unreasonable, grossly excessive and shocking to the moral sense, being for a sum greater than the entire value of the freehold and not being authorized by the evidence, etc., were not well-taken under the submission and the facts presented to the arbitrators, and the demurrer to them should have been sustained.

(a) Besides, the exceptions did not show that the award was the result of fraud, accident or mistake, or that it was otherwise illegal, being exceptions of law and not of fact.

(b) If the exceptions had been that the award was contrary to the evidence, then a full and complete brief of the evidence (or such a brief as the law requires) should have been filed.

December 20, 1890.

Arbitration and award. Practice. Before Judge HUTCHINS. Gwinnett superior court. March adjourned term, 1890.

Fowler sued for damages to his lands from the erection and maintenance by defendant, without plaintiff's consent, of a dam on a river, by which he alleged that the natural flow of water was obstructed and the water caused to overflow his land, his drain-ditches were filled with sand so that he could not keep them open, his crops were destroyed and his lands rendered too wet for cultivation; and that he had been forced to expend a certain sum in making races and aqueducts to convey the water to the river and to supply the ditches before provided. The defendant pleaded the general issue and the statute of limitations; and by agreement of the parties all the matters in controversy were submitted to four named arbitrators and such other arbitrator or umpire as these four might select. It was provided in the submission that the award should be made to cover "all damages to lands, crops, etc. up to the date of said arbitration," and that the award should be final and conclusive and be returned to and made the judgment of the superior court. The arbitrators, together with Mills as umpire, awarded that the defendant pay to the plaintiff $1,050 "as damages to the crops and lands and expenses incurred in ditching, etc.

of his lands" for the years 1887, 1888, and up to October 7, 1889. For the rest of the report see the decision.

T. M. PEEPLES and C. H. BRAND, for plaintiff.

S. J. WINN and N. L. HUTCHINS, JR., for defendant

BLANDFORD, Justice.

This case was submitted to arbitrators, who made an award in favor of the plaintiff in error, to which award certain exceptions were filed by the defendant in error. A demurrer to the exceptions, on the part of the plaintiff in error, was sustained as to the first, third, fifth and eighth exceptions, and overruled as to the second, fourth, sixth, seventh and ninth.

The second exception taken to the award was as follows: Because, after J. M. Patterson had been duly selected by the arbitrators as the other arbitrator or umpire and had been sworn as such, at the instance and request of plaintiff he was summarily discharged from the consideration of the case, and one John M. Mills was substituted in his stead without defendant's consent. We think the demurrer to this exception should also have been sustained, it not appearing that the defendant made any objection to Mills acting as umpire; and the defendant having gone on and submitted his case to the arbitrators with Mills acting as umpire without objection, we think it is now too late to object to the substitution of Mills for the original umpire. This action in the premises amounted to a consent on his part that Mills should act as such umpire; and therefore we think the court erred in overruling the demurrer to this exception.

The fourth exception was, that although it was provided by the submission that the award should cover only the damage to the lands of plaintiff and to his crops, the arbitrators awarded damages for the "crops and lands and expenses incurred in ditching, etc." We

think the demurrer to this exception should also have been sustained, as the finding by the arbitrators, in our opinion, was fully within the matter submitted to them under the submission in writing.

We think the court erred also in overruling the demurrer to the sixth exception, which was: Because the evidence shows that the supposed damages of plaintiff cannot be more than the imaginary or possible result of defendant's acts, and are therefore too remote to be the basis of a recovery. We think the finding of the arbitrators was authorized by the articles of submission entered into between the parties to this case.

We think the court further erred in overruling the demurrer to the seventh and ninth grounds of exception, which complain that the award is unreasonable, grossly excessive and shocking to the moral sense, being for a sum greater than the entire value of the freehold, and not being authorized by the evidence, etc. We do not think these grounds of exception are well-taken under the submission and the facts presented to the arbitrators, and the demurrer to the same should have been sustained. Furthermore, we do not think the exceptions show that the award was the result of fraud, accident or mistake, or that it was otherwise illegal, being exceptions in law and not exceptions in fact. If the exceptions had been that the award was contrary to the evidence in the case, then a full and complete brief of the evidence (or such a brief as the law requires) should have been filed ; and it not appearing that such a brief was filed in the case, we think the court committed error in overruling the demurrer to the exceptions, and the judgment of the court is therefore                                        *Reversed.*