### ROGERS *v.* HAMBY, tax-collector, *et al.*

ATKINSON, J. It is declared in section 6 of the act approved August 14, 1913 (Acts 1913, pp. 123, 127): "That the said board of county tax-assessors in each county shall meet each year within ten days from the date of the closing of the tax returns for the current year, to receive and inspect the tax returns to be laid before them by the tax-receiver as hereinbefore provided. It shall be the duty of said board to examine all the returns of both real and personal property of each taxpayer; and if in the opinion of the board any taxpayer has omitted from his returns any property that should be returned, or has failed to return any of his property at a just and fair valuation, the said board shall correct such returns and shall assess and fix the just and fair valuation to be placed on said property, and shall make a note thereof and attach the same to such returns. . . If any taxpayer is dissatisfied with the action of said board, he may, within ten days from the giving of said notice in case of residents, and within twenty days in case of non-residents of the county, give notice to said board that he demands an arbitration, giving at the same time the name of his arbitrator; the board shall name its arbitrator within three (3) days thereafter; and these two shall select a third, a majority of whom shall fix the assessments and the property on which said taxpayer shall pay taxes, and said decision shall be final, except so far as the same may be affected by the findings and orders of the State tax-commissioner as hereinafter provided. The said arbitrators shall be freeholders of the county, and shall render their decision within ten days from the date of the naming of the arbitrator by the said board; else the decision of said board shall stand affirmed and shall be binding in the premises." *Held:*

1. The question as to constitutionality of a part of the act above mentioned was not referred to or in any manner insisted upon in the brief of the attorney for the plaintiff in error, and will be treated as abandoned.

2. At the interlocutory hearing for injunction the judge was authorized to find, on conflicting evidence, that the arbitrators selected by the parties selected a third arbitrator, and that the relationship of the third arbitrator to the tax-collector was unknown to the board of tax-assessors or to the arbitrator selected by them, but was known by the property-owner and the arbitrator selected by him, and that no objection was made by either of them to the said third arbitrator on the ground of his disqualification, but that with knowledge of such disqualification they assented to his appointment to serve in the matter.

3. On conflicting evidence the judge was authorized to find against the

---

Appeal and Error, 4 C. J. p. 1072, n. 39.
Taxation, 37 Cyc. p. 1081, n. 4 New.

contention of the plaintiff that he did not have the amount of money for which he was being taxed.

4. Irrespective of whether the judge at the interlocutory hearing was authorized by the evidence to hold that the property-owner was liable to pay taxes on the amount of money for which his tax return had been increased, the judge was authorized to find that he had, by his failure to attend the hearing on the date last fixed by the arbitrators, abandoned his demand for an arbitration which he was entitled to under the statute, even if under the facts of the case he could have had a hearing after the expiration of the ten days fixed by statute for such hearing.

5. The judge did not err in refusing a temporary injunction.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs only in the result.

### No. 5270.   FEBRUARY 18, 1927.

Petition for injunction. Before Judge Blair. Cobb superior court. January 2, 1926.

In a suit instituted by a property-owner to enjoin issuance and collection of a tax fi. fa. for State and county taxes, on the ground that part of the amount demanded by the tax-collecting officers was not due, the plaintiff's contention was that he had duly returned for taxation all of his taxable property and that the assessors had improperly raised his return by adding thereto a stated sum of money which he did not have on the day at which his property should be taxed for the year. At an interlocutory hearing it appeared that the petitioner, after notice of the raise of the return, duly demanded an arbitration and named his arbitrator. The assessors duly named their arbitrator. The arbitrators fixed a day for the hearing within ten days from the date of their appointment. The property-owner appeared with his attorney at the appointed time, and asked for a continuance to a time beyond ten days from the appointment of the arbitrators, on the ground that the attorney had to go to another place. The continuance was granted. At the time to which the matter was continued the property-owner again appeared and asked for a continuance on the ground that he was not ready for trial. The second continuance was granted. At the time last appointed for the hearing neither the property-owner, his attorney, nor his arbitrator appeared. The only person to appear was the arbitrator selected by the assessors. Nothing further was ever done in the matter of arbitration. The evidence was conflicting as to whether the two arbitrators ever selected a third arbitrator, the evidence for the defendants being that a third arbitrator was duly selected, and the evidence for the

plaintiff being that he was not selected, and that the plaintiff, prior to the time first appointed by the arbitrators for a hearing, had opposed selection of the person nominated by defendants' arbitrator, because that person was the father-in-law of the tax-collector and on a previous occasion had decided the question involved adversely to such owner. There was no conflict of evidence as to the relationship of the third arbitrator to the tax-collector, but there was conflict as to the other matters; and it did not appear that the defendants or the arbitrator selected by them knew of the relationship just mentioned. The property-owner did not apply to the ordinary or other proper officer to appoint a third arbitrator. There was also a conflict of testimony as to whether the property-owner owned the sum of money on the date at which his property was taxable for the year; the testimony for defendants being to the effect that said owner had previously had said amount on deposit in a named bank; also that the assessors had offered to revoke their action if the owner would produce evidence that he did not have the amount of money, and that the owner promised to produce such evidence several times, but made no attempt to do so; while the testimony for plaintiff, delivered by plaintiff's son, was to the effect that, more than a year before the year of the tax return in question, the plaintiff had invested his money deposited in the said bank in non-taxable United States bonds and treasury certificates, and that on the day of the year at which his property should be taxed for the year involved in the litigation he had invested all of his money in said securities, and did not have in bank any money except a small checking account less than $100. There was no documentary evidence as to the withdrawal of the money from the bank, or other disposition thereof. The judge refused an injunction, and the plaintiff excepted.

*H. B. Moss,* for plaintiff.   *J. Z. Foster,* for defendants.