CLARKSON *et al.* v. HAIR *et al.*

HAWKINS, Justice. Mr. and Mrs. W. B. Hair filed their equitable petition, against the named tax receiver, tax collector, and sheriff of Chattooga County, seeking to enjoin the enforcement of certain tax executions and alleging: that they had made proper returns to the tax receiver of property owned by them in Chattooga County for taxation for the year 1949, and in their returns placed certain valuations upon their respective properties; that the board of county tax assessors notified the plaintiffs that the valuations as fixed by their returns had been increased by the board, whereupon the plaintiffs, within ten days from the receipt of such notice, gave to the board verbal notice of their demand for an arbitration and at the same time the name of their arbitrator; that the board thereafter named its arbitrator; that these two arbitrators failed to meet and select a third at a time which had been agreed upon between them because of the illness of the plaintiffs' arbitrator, but thereafter, upon application of the plaintiffs, a third arbitrator was named by the county board of roads and revenues, as provided under the statute, and the three arbitrators thus named thereafter met and took the oath required by law of such arbitrators "before the Ordinary of Chattooga County, Georgia"; that, after having taken said oath, the arbitrators proceeded to hear said matter, the arbitrator named by the board participating therein, and, after such hearing, a majority of the arbitrators determined the value of the plaintiffs' property for the purpose of taxation to be in a stated sum; that the arbitrator named by the board did not concur in said findings and determination, and refused to sign the return and award; but that the same was signed by the other two, a majority of the said arbitrators. It is further alleged: that, after the majority of the arbitrators had made such finding and award, they tendered the same to the tax receiver, but that he refused to accept the same; that thereafter the plaintiffs tendered to the tax collector all taxes due on the valuations as fixed and determined by the arbitrators, but the tax collector refused to accept the same; that on January 7, 1950, they tendered to the tax collector $2010 in cash in payment of the taxes due by them on said property, and he refused to accept the same, and the plaintiffs

tender into court $2010 in payment of all taxes due together with interest thereon from December 20, 1949; that on January 6, 1950, the tax collector issued two tax executions against the plaintiffs, one for $803.20, and the other for $2818.52, which have been duly recorded in the general execution docket and have been presented to them by the defendant sheriff, who has demanded payment thereof and stated that, upon failure to pay, the executions would be levied upon property belonging to the plaintiffs. The plaintiffs allege: that, unless restrained and enjoined, the sheriff will levy the executions upon the property of the plaintiffs and proceed to sell the same; that the amounts of the executions are based upon the valuations of their property for taxation as fixed by the county board of tax assessors, and not upon the valuation as fixed by the majority of the arbitrators; and that the executions are therefore invalid. The plaintiffs pray: (a) for process; (b) that the defendants and each of them be both temporarily and permanently restrained and enjoined from doing any act or thing to enforce or collect the said executions: (c) that the executions be declared null, void, and of no effect, and that the clerk of the superior court be directed to cancel the same of record; (d) that the court declare that the findings of the arbitrators are binding upon the defendants, and that the valuation of their property for taxation be fixed at the sum found by the arbitrators; (e) that the $2010, tendered to the tax collector and into court, be determined as being the full amount of taxes due by them on the properties described in their returns and in the assessments by the county board of assessors; (f) that, if through error, the plaintiffs have failed to compute properly the amount of taxes due by them upon their properties at the valuations fixed by the arbitrators, the proper amount be determined by the court; (g) that, should it be determined for any reason that the arbitration has not been fully completed, the defendants be restrained and enjoined from levying the executions or in any way enforcing or attempting to enforce the same until the amount of taxes due by the plaintiffs has been fixed and determined; and (h) for general relief.

To this petition the defendants demurred upon both general and special grounds. The trial court overruled the general demurrer, and did not pass upon the special demurrers. To the judgment overruling the general demurrer the defendants excepted, contending that the petition failed to state a cause of action for the following reasons: (1) that the tax receiver was not the proper person to receive the returns of the arbitrators, but that the same should have been returned to the board of assessors and by that board transmitted to the tax receiver; (2) that the arbitration is null and void because the arbitrators were not properly qualified to perform their duties, in that the oath was administered to them by the ordinary, instead of by the tax receiver or the chairman of the board of tax assessors; (3) that no arbitration could be had because proper notice was not given the board of tax assessors by the plaintiffs, in that the statute requires written notice, and only a verbal notice of the demand for arbitration was given; and (4) that, since the plaintiffs did not request a continuance of the meeting at which the third arbitrator was to be selected by the two arbitrators named by the plaintiffs and the board of assessors, because

of the illness of the plaintiffs' arbitrator, the plaintiffs thus abandoned the right of arbitration. *Held*:

1. Since it is provided by Code (Ann.) § 92-6912 that a majority of the arbitrators selected as provided by the statute shall fix the assessments and the property on which the taxpayers shall pay taxes, *"and said decision shall be final,* except as far as the same may be affected by the findings and orders of the State Revenue Commissioner as hereinafter provided," and since it is the duty of the tax receiver under Code (Ann.) §§ 92-6303 and 92-6917 to make out and complete the county tax digests, forwarding one copy of the completed digest to the State Revenue Commissioner for approval, and since there is no provision of any statute directing the arbitrators to make return of their award to any particular board or officer, we hold that a return to the tax receiver by the arbitrators of their award is a sufficient compliance with the statute, and that it is his duty to accept the same when properly made and offered.

2. While Code (Ann.) § 92-6912 provides that, "Before entering upon a hearing the arbitrators shall take an oath before the tax receiver or before the chairman of the board of local assessors," this section was originally codified from section 6 of the act of 1913 (Ga. L. 1913, p. 123), and section 14 of that same act authorized the administration of the same oath by the ordinary to the arbitrators therein referred to. While this latter provision, which was codified as Code § 92-7005, has been repealed by the act of 1937-38 (Ga. L., Ex. Sess. 1937-38, pp. 77, 91, and by the act of 1943 (Ga. L. 1943, pp. 204, 208), since by the same original act provision was made for the administration of the same oath by the tax receiver and by the ordinary, and by the act of 1918 (Ga. L. 1918, p. 230), the chairman of the board of local assessors was also authorized to administer the oath, it is apparent that these provisions as to who should administer the oath were merely directory, and not mandatory. *Garr* v. *E. W. Banks Co.,* 206 *Ga.* 831 (59 S. E. 2d, 400). Where, as in this case, the oath was actually taken by the arbitrators before the ordinary, and the arbitration proceeded to a hearing and an award, all three of the arbitrators participating in the hearing, and without any question being raised as to the proper administration of the oath, the defendants will not now be heard to attack the arbitration upon this ground.

3. Conceding, but not deciding, that a proper construction of Code (Ann.) § 92-6912 would require a holding that the taxpayer give a written rather than a verbal notice to the board of assessors that he demands an arbitration, giving at the same time the name of his arbitrator, where, as in this case, verbal notice was given and was acted upon by the board of assessors by naming their arbitrator, and the arbitration proceeded to a hearing with all three arbitrators participating therein, and resulted in a final award by a majority of the arbitrators without any question being raised as to the sufficiency of the notice, such conduct amounted to a waiver of any defect in the notice. "Appearance of parties at the time and place of the arbitration waives all notice and similar defects." *Pike* v. *Stallings,* 71 *Ga.* 860 (3). See also *Harper* v. *Commissioners of Roads & Revenues of Pike County,* 52 *Ga.* 659; *Palatine Insurance Co.* v. *Gilleland,* 79 *Ga. App.* 18, 21 (2) (52 S. E.

2d, 537); *Citizens Bank of Moultrie* v. *Rockdale County,* 152 *Ga.* 711, 712 (8) (111 S. E. 434).

4. While a property owner who has demanded an arbitration of the valuation of his property as fixed by the board of assessors may abandon the same by failing to attend the hearing on the date fixed by the arbitrators (*Rogers* v. *Hamby,* 163 *Ga.* 771 (4), 137 S. E. 231), where, as in this case, the allegations of the petition show that the plaintiffs and the board of aassessors named their respective arbitrators, and that, upon failure of these two to name a third because of the failure of the plaintiffs' arbitrator, on account of illness, to appear at the time and place fixed for the naming of the third arbitrator, the plaintiffs thereafter applied to the commissioners of roads and revenues of said county, and such third arbitrator was named by the county commissioners of roads and revenues as provided by Code (Ann.) § 92-6912, and the three arbitrators thus named proceeded to hear said matter, the arbitrator named by the board of assessors participating therein, and after such a hearing a majority of the arbitrators made an award which the arbitrator named by the board refused to sign, but which was signed by the other two—it cannot be held that the plaintiffs abandoned their demand for arbitration merely because of the failure of their arbitrator, on account of illness, to appear at the time and place of the first meeting to select the third arbitrator. See *Candler* v. *Gilbert,* 180 *Ga.* 679, 682 (8) (180 S. E. 723).

5. Under the foregoing rulings as to the petition in this case, the trial court did not err in overruling the general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

No. 17398. MARCH 12, 1951.

*Espy & Self,* for plaintiffs in error.

*Maddox & Maddox,* contra. .