## 72350. VICKERS v. THOMAS.

(351 SE2d 518)

BENHAM, Judge.

Appellant Vickers and appellee Thomas were partners in a certified public accounting firm. After the two men decided voluntarily to dissolve the partnership, the matter was submitted to the American Arbitration Association for "division of liabilities and determination of any amounts owing from one to the other as a result of asset and liability division." The arbitrators decided Thomas was entitled to all the partnership's net assets as of January 31, 1984, and determined Vickers was indebted to Thomas for the value of the net assets he had received after January 31, 1984. Pursuant to OCGA § 9-9-47 (b), the arbitrators' award was entered on the minutes of the superior court and given the force and effect of a court-rendered judgment or decree. Thereafter, appellant filed a suggestion on oath that the award was the result of accident, mistake, or fraud. See OCGA § 9-9-51 (a). This appeal follows the trial court's grant of summary judgment to appellee on the ground that appellant's suggestion on oath "failed to adequately suggest that the award in question was the result of accident, mistake or fraud and . . . merely pleaded conclusions which are insufficient to support his suggestion."

1. In his suggestion on oath, appellant maintained the arbitrators' award was a mistake in that it went further than the arbitration demand had requested and directly contradicted the partnership agreement. Through the partnership agreement, attached to the suggestion, appellant agreed to submit to arbitration "an unresolvable disagreement as to any matter . . ." The demand for arbitration described the relief sought as "division of liabilities and determination of any amounts owing from one to the other as a result of asset and liability division." Although appellant did not sign the demand for arbitration, a copy was sent to him and the record contains no objection voiced by appellant as to the scope of the arbitration. His action in submitting the matter to the arbitrators without objecting to the scope of the relief sought amounted to a consent on his part. See *Fowler v. Jackson*, 86 Ga. 337 (1) (12 SE 811) (1890). Since the arbitration request sought the "division of liabilities and determination of

any amounts owing from one to the other as a result of asset and liability division," the arbitration award did not go beyond the request.

In his suggestion on oath, appellant pointed to a portion of the arbitrators' award and asserted that it directly contradicted a provision of the partnership agreement as well as another portion of the award. We do not read the arbitration award as being self-contradictory and do not view it as conflicting with the parties' partnership agreement. Therefore, the trial court did not err in granting summary judgment to appellee.

2. The grant of summary judgment on a suggestion on oath is not without precedent. See *Fowler v. Jackson*, supra; *Barnes v. Avery*, 192 Ga. 874 (16 SE2d 861) (1941).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1986.

*Carr G. Dodson, Cater S. Clay*, for appellant.
*Gary C. Christy, Thomas E. Pujadas*, for appellee.