THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* GEORGE T. ROGERS' SONS, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. Certain depositions were excluded because the responses to the cross-interrogatories were not full. The court ordered that they be re-executed, the original answers remaining of file in the clerk's office. Instead of this the entire package was returned for re-execution, and both sets of answers were offfered together at a subsequent term to which the case had been continued:

*Held,* that objection made thereto after the case was submitted to the jury,. was properly overruled.

2. Where two arbitrators, to whom a verbal submission had been made as to the injury to certain goods shipped over a line of railroads, but who were not sworn and did not examine any witnesses, reported in writing that, at the request of the parties, they had examined the flour in controversy and found it damaged $1 25 per barrel, and that it was in such condition previous to shipment:

*Held,* that it was not error in the court to charge that such a report could do "no more than show the damage to the flour, if that."

3. Where goods, receipted for as in good order by the first of a connecting line of railroads, are delivered in a damaged condition to the consignee, the last road, being sued therefor, may show that, though *apparently* in good order, they were damaged before shipment.

Interrogatories. Practice in the Superior Court. Arbitrament and award. Charge of court. Railroads. Before Judge HILL. Bibb Superior Court. October Term, 1875.

Reported in the decision.

R. F. LYON, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant to recover for damage done to eighty barrels of flour shipped over its road, in consequence of the damaged condition of the flour at the time of the delivery thereof to the

plaintiffs at Macon. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the sum of $140 00 besides interest.

It appears from the bill of exceptions that during the progress of the trial, the plaintiff offered in evidence the interrogatories and answers of two witnesses, which had been offered on a former trial of the case and rejected by the court because the witnesses had failed fully to answer the defendant's cross-interrogatories, the court directing that said interrogatories should be sent back to be re-executed, retaining the answers of the witnesses in the clerk's office, which was not done, but the answers were sent back with the interrogatories to be re-executed, and returned in the same envelop.

The court overruled the defendant's objection to the reading of the interrogatories in evidence, on the ground that the objection should have been made before the case was submitted to the jury, to which the defendant excepted.

It appears from the evidence in the record, that the flour was shipped from Louisville to Macon, and receipted for as in good order, as through freight, accompanied by a through freight list, and when it arrived in Macon it was damaged by having been wet. It also appears from the evidence, that when it was discovered that the flour had been damaged, on its arrival in Macon, a survey was had, as was usual with the railroads and merchants in Macon, to adjust and settle the damages, and Messrs. Rice and Goode, to whom the matter was referred, reported in writing, that at the request of the plaintiffs, and the agent of defendant, they had examined the flour and found it badly damaged by water, to the extent of $1 75 per barrel, and that said shipment was in that condition previous to shipment, but they were not sworn, and examined no witnesses. It also appeared from the evidence of some of the witnesses that the flour was apparently in good order upon its arrival in Macon, though one of the plaintiffs testified that he discovered water stains, and signs of the barrels having been wet, which caused him to examine the flour. There is also evidence in the record going to show that the

flour must have been damaged before shipment, but the evidence was conflicting in relation to this point in the case. The court charged the jury to the effect, that inasmuch as the surveyors, Rice and Goode, were not sworn, and did not examine witnesses, and there being no submission in writing by the parties, their report or award, did not amount to anything more than to show the value of the damage done to the flour, if that; to which charge the defendant excepted.

The court further charged the jury, amongst other things, " that if the shipment of flour was made on the 16th of July, 1873, on a Louisville and Nashville railroad car, through to Macon, and the flour received at the starting point ' as in good order,' then the defendant was liable to plaintiffs for the amount of damage on the flour from having been wet, whether the damage was done on the road of defendant or any one of the several connecting roads over which it passed from the starting point, and the defendant was liable to the plaintiffs, under this state of facts, if true, although the flour was in this damaged condition before it left the mills at which it was manufactured and was carried aboard the cars." To which charge the defendant excepted.

1. There was no error in overruling the defendant's objections to the plaintiffs' interrogatories. The interrogatories had been re-executed under the order of the court and returned, and the same rule in regard to exceptions was as applicable to them as any other interrogatories.

2. In view of the loose and uncertain manner in which the question of damages was submitted, considered and reported by Messrs. Rice and Goode, as set forth in the record, we find no error in the charge of the court in relation to the effect thereof as evidence before the jury.

3. In our judgment, the following part of the charge of the court was error, in view of the conflicting evidence as to whether the flour was damaged before its shipment or afterwards, to-wit: "And the defendant was liable to the plaintiffs, under this state of facts, if true, although the flour was in this damaged condition before it left the mills at which it

was manufactured and was carried aboard the cars." It is true that the 2084th section of the Code declares that where there are several connecting railroads under different companies, the last company which has received the goods in "good order," shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability.

The precise question is, when the goods have been received by the railroad company from the shipper, in apparently good order, and receipted for as being in good order, can the defendant, when sued for the alleged damage done to the goods, rebut the presumption of its *prima facie* liability therefor, by evidence going to show that the damage was not done to the goods on either of the lines of railroad over which the goods were carried, but that the damage was done to the goods before the same were received by either of the connecting railroads? The section of the Code before cited evidently contemplates damage done to the goods *by the railroad companies,* and not damage done to the goods before the same were received by the railroad companies, or either of them. For example, if the agent of a railroad company, at the place of shipment, should receive a cask of crockery-ware *apparently* in good order, and should receipt for the same as in good order, and when received by the consignee one-half of it was broken, ought the railroad company, when sued for the alleged damage done on its road or its connecting roads, be prevented from showing, if it can do so, that the damage was not done to the crockery on either of the railroads over which it had been shipped, but that the damage was done to the crockery before shipment? The same principle would be applicable to the shipment of barrels of flour as to a cask of crockery-ware, when the same, from the external appearance thereof, were apparently in good order. When the goods have been receipted for to the shipper as being in good order, that is *prima facie* evidence of that fact as against the company and its connecting roads in case the goods are damaged, but that will not prevent the defendant from showing, if it can do so,

that the damage complained of was not done on either of the connecting roads over which the goods were shipped, but that the damage complained of was done to the goods before the shipment thereof. In order to do this, however, the burden of proof is on the defendant. The charge of the court excluded from the consideration of the jury that portion of the defendant's evidence which went to show that the flour was damaged before the shipment thereof.

Let the judgment of the court below be reversed.