## WILLINGHAM vs. VEAL.

1. The first ground of the motion cannot be considered, because it fails to show the cause for which the defendant moved to non-suit the case or to dismiss the warrant.

2. While it was error to allow parol testimony, to show the terms of a written contract, yet, where the contract itself was subsequently introduced in evidence, and the case was tried on the writing, the error worked no injury.

3. Where a contract of sale of certain goods provided that, if the parties could not agree on the wholesale and market value thereof, each should select a merchant to assess the value of such goods, and if the two could not agree, then a third merchant was to be called in, this was not an agreement for an arbitration, either at common law or under the statute, but was a sale, with an agreement to render certain the value of the consideration in a particular manner, and was valid.

(a.) While the delivery of goods is generally essential to the perfection of a sale, yet it may be dispensed with, if such be the intention of the parties to the contract.

(b.) Although an execution, of which the plaintiff was apprised before the valuation, was levied on the property, if this was not made a ground for refusing to comply with the contract, but his refusal was put upon other grounds, and he was assured that the execution would be arranged, which was, in fact, done within a few days, this did not control the case so as to render an error in the charge immaterial.

(c.) The issues in the case stated.

April 2, 1885.

Practice in Supreme Court. Evidence. Arbitration and Award. Sales. Before Judge HAMMOND. DeKalb Superior Court. September Term, 1884.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

L. J. WINN, for defendant.

HALL, Justice.

The issue submitted in this case was upon a warrant against a tenant holding over and a counter-affidavit. There was a verdict finding the issue in favor of the plaintiff and a judgment entered thereon removing the tenant from the premises, and awarding double rent against him and the surety on his bond. The defendant made a motion for a new trial, which was refused, and he excepted.

1. The first ground of the motion cannot be considered by

us, because it fails to show the cause for which defendant moved to non-suit the case or to dismiss the warrant.*

2. The plaintiff was permitted to testify to the term for which the premises were rented, and the price agreed upon for the rent, over defendant's objection, on the ground that it appeared that the contract between the parties was in writing. This was obviously improper, and must have resulted in a new trial, if the defendant had not afterwards put the written contract in evidence, and the case had not been tried upon the writing. Under these circumstances, the error did not injure the defendant, and for that cause we would not feel authorized to order another hearing.

3. We are of opinion, however, that the court misinterpreted the contract entered into between the parties, and that he erred in rejecting the written inventory and assessment of the goods made by the persons agreed upon for that purpose, described in the contract, as complained of in the third and fourth grounds of the motion. The contract in question was signed in duplicate by the plaintiff and defendant, on the 15th day of March, 1881, whereby the plaintiff agreed to rent to the defendant the house and lot whereon the defendant then resided, for seventy-five dollars per annum, and the defendant agreed to take the same at that price. The plaintiff further agreed that, if the defendant, at any time within two years, should pay him all claims under which said house was recovered, and for which it was bound, he would make and execute "back" to him good and sufficient title thereto ; and in order to secure the plaintiff in his rent, the defendant agreed to sell to him his entire stock of merchandise, then in the brick store; that $75.00 worth of said merchandise should be applied to the payment of the first year's rent, and the remainer thereof should go to liquidate the debts as thereinbefore set forth, provided the defendant raised the said

---

*The first ground of the motion was " because the court refused, upon motion of the defendant, after the plaintiff had concluded his evidence, to non-suit the plaintiff and dismiss his warrant."

amount of money, otherwise the sum should be applied to rents from time to time, at the rate agreed upon. The defendant agreed to bill off the goods at an early day to plaintiff, and if they could not agree on the wholesale and market value thereof, then each was to select a merchant of Stone Mountain to assess their value, and if the two could not agree, then a third merchant was to be called in; the defendant further agreeing to furnish the cost marks and bills to assist in the billing of said goods.

Each party selected his man, and the third was called in, and they made an invoice of the stock, and assessed its value item by item. This inventory and assessment they entered in a book, and each one of the assessors was sworn on the trial. They could state from memory nothing but general results. The written inventory, made out and signed by them, was in court; the defendant offered it in evidence, but it was rejected, and he excepted to its rejection, and complained thereof in the third ground of his motion for a new trial. After making all deductions, this inventory aggregated more than $800. It seems to have been rejected because the judge was of opinion that the contract contemplated the submission of the questions in controversy between the parties to arbitration, and there was no submission in writing, etc. This we infer from the charge excepted to in the 4th ground of the motion for a new trial, which is as follows:

" The law says an arbitration must be submitted in writing, and if you find from the evidence that there was no submission in writing of an arbitration, specifying the names of the arbitrators, then the court instructs you there is no compliance on the part of Willingham (the defendant) with his part of the agreement. If there was no attempt to procure a legal arbitration, such as the law provides for, he failed on his part to comply with his obligation, and Veal (the plaintiff) could refuse to comply or accept the goods because the terms were that there was to be an arbitration, and it was to be by the two merchants

of Stone Mountain, and if they could not agree, a third was to be called in, and they were to fix the value of the goods. If this was not done, Veal was not bound to accept the goods, even though tendered to him by Willingham."

To us it is quite apparent that neither an arbitration at the common law nor one under the statute, as provided for in sections 2883 to 2889, or in sections 4225 of the Code and those which immediately follow, was in the contemplation of the parties. They bargained for the sale of the goods, and if they failed to agree upon the valuation to be fixed upon them, then the price was to be settled by the persons described in the written agreement. That this was a contract of sale, good and valid under the law, and founded upon a sufficient consideration, see Code, §§2629, 2644, 2646. While the delivery of goods is generally essential to the perfection of a sale, yet it may be dispensed with, if such be the intention of the parties to the contract. The consideration to support a sale must be valuable, and must be either definite, or there must be an agreement made by which it can be rendered certain. Such are the requirements of our law, as contained in the above cited sections of the Code, and which are in accordance with the well settled principles of the general law regulating sales. The agreement to ascertain the price of the goods in a particular manner, renders definite that which was left uncertain by the terms of the contract, and does not convert this purchase of the goods into an arrangment to submit to arbitration any matter connected with the transaction. 5 Wallace, 790.

It is suggested that, notwithstanding there may be error in this respect, it was not injurious to the defendant, inasmuch as the contract could not be consummated, in consequence of the goods having been seized under an execution against the defendant, and to which they were liable, before the completion of the contract. But upon looking into the record, it will be seen that, before the valuation was made, the plaintiff was apprised of this execution, and

that he did not make this a ground for being off from his bargain, but put his refusal to comply upon other reasons. He was assured that the execution would be arranged, and this was in fact done in a very few days after the levy was made. The goods were all the time where the plaintiff could have controlled them, and they remained in that situation until he ordered them removed. The resort to this reason for refusing to carry out the contract may seem very much like an after-thought to the jury, when the question, under all the facts, shall be submitted to them, and that they may legitimately draw such an inference from them is not impossible. There is no evidence that the first year's rent was paid; this warrant is for the second year's rent. The contract is altogether ambiguous as to the number of years the renting was to continue, and the evidence is wholly deficient as to the amount incurred in recovering the premises which the defendant obligated himself to pay.

How far the plaintiff was justifiable in refusing to comply with his contract, and how far he is chargeable with the appraised value of the goods, should be submitted to the jury; and if he is found liable, then the state of the accounts between the parties should be taken, in order to determine what amount is due from the defendant, and whether he is in fact liable under this proceeding. It may turn out that he has paid enough to entitle him to a conveyance of the premises, and if so, this would effectually dissolve the relation of landlord and tenant, which existed at the execution of the contract. These are the issues that should be tried, instead of those submitted by the ruling and charge of the court. We intimate no opinion as to how these issues should be found, as the case must go back for another hearing. To do so would be manifestly improper. All that we decide is that the questions growing out of the record have not been submitted, with proper instructions for their determination.

Judgment reversed.