23602. JOHNS v. SECURITY INSURANCE COMPANY.

SUTTON, J. 1. The award in this case is not a statutory one, as contended by counsel for the plaintiff in error. The fire-insurance policy sued on provided that if, upon loss, the parties could not agree to the amount thereof, they could enter into an agreement to submit the same to appraisers. This "agreement for submission to appraisers" provided that two appraisers should be appointed, one by the insured and the other by the insurer, and that they should select an umpire, who should act in case the appraisers disagreed as to the amount of loss. The agreement that the appraisement provided for therein was "for the purpose of ascertaining and fixing the sound value of the property and the amount of said loss and damage only," and that "the sound value of said property and the loss and damage thereon shall be determined by said appraisers and umpire as hereinbefore provided," was binding on the parties. See, in this connection, *Ozburn* v. *National Union Fire Ins. Co.*, 45 Ga. App. 33 (2), 38 (163 S. E. 321); *Alliance Ins. Co.* v. *Williamson*, 36 Ga. App. 497 (137 S. E. 277).

2. "Parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." Civil Code (1910), § 5019. This provision is codified from the common law and differs from the additional mode provided for arbitration and award by statute (code sections 5030 et seq.), in this: in the former any number of arbitrators may be selected, and the award need not be made the judgment of any court, but is binding on the parties until excepted to and set aside (*Crane* v. *Barry*, 47 *Ga.* 476; *Sheffield* v. *Clark*, 73 *Ga.* 92); whereas in the latter only three arbitrators can be selected, and the award must be entered on the minutes of the superior court, and a copy furnished to the parties. Under this section there need be no order to make the award the judgment of the court, but it is binding without it, unless attacked for fraud in the arbitrators or parties, or a palpable mistake of law, or reference to chance or lot. *Jones* v. *Bond*, 76 *Ga.* 517; *Brand* v. *Sorrell*, 61 *Ga.* 163; Civil Code (1910), §§ 5019-5029.

3. No effort was made to make the award in the present case the judgment of the court, and even though the award was submitted under a written agreement to two arbitrators, who chose an umpire, and a copy of the award was given to each of the parties, and the arbitrators were sworn, the award was not a statutory award. In a common-law award there is nothing to prevent having two arbitrators and an umpire, furnishing a copy of the award to each party, and having the award submitted in writing.

4. "To sustain an award, no unfair advantage should be given to either party in the hearing of the case or the rendering of the award. A palpable mistake of law, or a reference of any matter to chance or lot, would vitiate an award." Civil Code (1910), § 5028. As the courts favor awards, it is quite difficult to undertake to set them aside. *Hardin* v. *Almand*, 64 *Ga.* 582, 592. And parties will not generally be heard to impeach the regularity or fairness of the findings of the arbitrators. *Eberhardt* v. *Federal Ins. Co.*, 14 *Ga. App.* 340 (80 S. E. 856). Ignorance of one's legal rights in ratifying an award is not of itself sufficient to set an award aside. *Tyler* v. *Stephens*, 7 *Ga.* 278. "Fraud in the arbitrators, or in either party in obtaining an award, would set it aside." Civil Code (1910), § 5029. But the fraud must be clearly and distinctly shown before the award will be set aside. *Overby* v. *Thrasher*, 47 *Ga.* 11.

5. Where a matter at issue between two parties is submitted to third persons for their determination, and these persons render an award which does not exceed the authority given to them in the submission, and is in strict accordance therewith, they will not be heard to impeach the regularity or fairness of their findings. *Evans* v. *Edenfield*, 7 *Ga. App.* 175 (66 S. E. 491); *Mulligan* v. *Perry*, 64 *Ga.* 568; *Cobb* v. *Dortch*, 52 *Ga.* 548. Under the agreement in this case, the question to be determined by the submission was the amount of loss sustained by the plaintiff by reason of the fire, and when the appraisers found the value of the insured premises before the fire and the value thereof immediately after the fire, the difference between these two sums represented the loss which the plaintiff had sustained. The finding of the appraisers was

unambiguous, was in strict accordance with the agreement for submission, and was therefore binding upon the parties; the attacks thereon for fraud and on the grounds that an unfair advantage was taken of the plaintiff and that a palpable mistake in law was made being all without merit.

(a) The agreement for appraisal was not obtained by fraud in that the adjuster for the defendant told the plaintiff that signing the agreement for submission was a mere matter of form and that neither party would be bound, and that on that assurance plaintiff signed; it not appearing that the plaintiff could not read or was prevented by any artifice amounting to fraud from reading the agreement, which provided that the finding of the appraisers as to the amount of plaintiff's loss and damage should determine the same. See *Walton Guano Co.* v. *Copelan*, 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Manget Realty Co.* v. *Carolina Realty Co.*, 169 *Ga.* 495 (150 S. E. 828).

(b) The plaintiff can not successfully contend that the award was not fairly made and that an undue advantage was taken of him, when he bases his contention in this respect upon what one of the appraisers told him as to what happened; and that a proper investigation was not made by them in appraising the property. See *Eberhardt* v. *Federal Ins. Co.*, supra.

(c) There is no merit in the contention that a palpable mistake of law was made by the appraisers in that the building was not less than thirty or forty years old, and no allowance was made for depreciation, that the appraisement was not confined to the value of the building insured, but included also the value of the real estate on which the building stands, this being done by the appraisers because there was a co-insurance clause, and the higher the building was appraised at, the less would be the proportionate liability. Where the arbitrators are governed by proper methods and act in good faith, much discretion is vested in them. Their award will not be vacated merely because it is in fact either excessive or inadequate. In general, an award is conclusive as to the amount of loss, but where the error is so great as to be indicative of gross partiality, undue influence, or corruption, then there exist grounds for setting aside the award. If in every case it might be shown that the arbitrators omitted to consider some element of damage, their arbitration would rarely be final. Richards on Ins. Law (3d ed), 429, § 313; Remington Paper Co. v. London Assurance Cor., 12 App. Div. 218 (43 N. Y. S. 431).

6. Applying the above principles to the facts of the instant case, the court did not err in dismissing the plaintiff's petition, on demurrer, without prejudice to the finding of the appraisers in favor of the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 7, 1934.

*Fleming & Fleming,* for plaintiff.

*Hull, Barrett & Willingham, Spalding, MacDougald & Sibley, Estes Doremus,* for defendant.