## PENNSYLVANIA LUMBERMENS MUTUAL FIRE INS. CO. OF PHILADELPHIA, PA., et al. v. BARFIELD.

### No. 10741.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1943.

Rehearing Denied Dec. 3, 1943.

C. Baxter Jones, of Macon, Ga., for appellants.

Harry S. Strozier and J. Douglas Carlisle, both of Macon, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

H. Lee Barfield had three policies of fire insurance upon an apartment house in Macon, Ga., which was partially destroyed by fire. The policies had similar provisions, including one for the appointment of appraisers and an umpire to ascertain the amount of the loss in case of disagreement. There was a disagreement extending to the proper basis for estimating the sound value and loss, and the insurers wrote the insured nominating an appraiser and requesting him to nominate one and submit the amount of the loss to appraisement "as the conditions of the policy provide". The insured nominated his appraiser on a usual form of agreement for submission to appraisers, but added a long provision which stated what the appraisers and umpire should do, and defined in great detail all the elements they should consider in arriving at a "market price".

On account of this added matter the insurers rejected the .tendered agreement as not being according to the terms of the policy, and tendered a form which provided only that the appraisers should proceed in the manner provided in the policies. The insured rejected this on the ground that there was a difference of opinion as to how far replacement cost less depreciation ought to govern, which difference ought first to be settled. The insurers replied that they had urged the insured to accept replacement cost less depreciation as a fair and proper basis, but had never suggested or required that the appraisers be bound to the insurers' estimates, or to any particular factor to be considered by them in making their award, except as they and the parties are bound by the policy terms; and they assumed the demand for an appraisal under the terms of the policy had been refused, but they renewed the demand and. insisted on it. Thereupon the insured sought in the district court a declaratory judgment whether the submission agreement he had proposed was legally valid, and whether the refusal of the insurers to accept it was a waiver of their right to insist on an appraisal; and whether the insured was bound to accept the insurers' demand for an appraisal, and whether if he declines, it will be a breach of the appraisal provisions of the policies. The answer admitted the facts as above stated, denied that a case for declaratory judgment was presented, unless on the question whether the insurers had made a valid demand for appraisal, and they asked an affirmative reply to that question. The court decreed that the insured was not bound to accept the insurers' agreement for submission; that the insured's agreement was in accord with the policies and the law; that by rejecting the latter the insurers had waived their right to an appraisal, but that they might, because of misunderstanding, have fifteen days to accept the insured's proposed agreement. The insurers appeal.

The controlling policy provisions are these: "This Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to replace the same with material of like kind and quality; such ascertainment or estimate shall be made by the insured and this Company, or if they differ then by appraisers as hereinafter provided. * * * In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this Company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and. damage, and failing to agree shall submit their differences to the umpire; and the award of any. two shall determine the amount of such loss. * * * No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance with all the foregoing requirements nor unless commenced within twelve months next after the fire."

The agreement for an appraisal is found in the policy itself. No other agreement was necessary or permissible unless consented to by both parties. A disagreement as to the amount of the loss having arisen, nothing needed to be done except for each to select an appraiser and to hand them the policy with the evidence of their selection. No written submission was needed. United States F. & G. Co. v. Corbett, 35 Ga.App: 606, 134 S.E. 336. What the appraisers are to do is simply and clearly stated in the policy. The appraisers may hear the contentions of the parties, and such evidence as they may present. They usually inspect what is left of the insured property. They are then to exercise their judgment as to what "the actual cash value" of the property was before the fire, with proper deduction for depreciation, and find the sound value and the loss, not exceeding the cost of replacement. No formal trial is contemplated. It is not a common law arbitration. Universal Laundry & Cleaners, Inc. v. General Ins. Co., 64 Ga.App. 68, 12 S.E.2d 181; Eberhardt v. Fed. Ins. Co., 14 Ga.App. 340, 80 S.E. 856; Bankers Mtg. B. & L. Ass'n v. Simpson, 5 Cir., 93 F.2d 196, 114 A.L.R. 1368. No judge is to instruct them. The whole purpose of the appraisal is to escape the delay and cost and technicality of court procedure. The decree which has here been rendered would not bind the appraisers who are not parties to it, nor, like jurors, under the guidance of the judge. To force the parties to make an agreement, beyond that

already made in the policy, is not the function of a court. We doubt if there exists any actual controversy between these parties within the meaning of the declaratory judgments Act. 28 U.S.C.A. § 400. Neither had claimed that the other had finally forfeited the right to an appraisal, but each was still desiring it on his terms. They had never reached any disagreement with the appraisers as to the basis of appraisement. The purpose and effect of the proceeding for declaratory decree was to get an instruction from the judge as to what the appraisers should consider, which to some extent would substitute a judicial proceeding for the simple appraisal agreed on. If this remedy be available, we think the court should have ruled that neither side was under obligation to sign any further agreement, but only to appoint their appraisers, to notify them, and hand them the policy. See Hamilton v. Liverpool, London & Globe Ins. Co., 136 U.S. 242, 10 S.Ct. 945, 34 L.Ed. 419. We reverse the judgment and direct the dismissal of the petition.

Reversed.