### 33076.   O'HARA *v.* YOUMANS.

Decided June 21, 1950.   Rehearing denied July 26, 1950.

*W. E. Zachary,* for plaintiff.

*J. Lewis Thomas,* for defendant.

GARDNER, J. (After stating the foregoing facts.) An oral motion to dismiss a pleading in the nature of a general demurrer goes to the entire pleading and may be made at any time before verdict. "All defects which appear on the face of the pleadings may be taken advantage of by motion." Code, § 81-302. A general motion to dismiss a petition, presented for the first time upon the trial at a term subsequent to the appearance term, cannot perform the office of a special demurrer, though it may be used as a substitute for a general demurrer. *Sikes* v. *Hurt & Cone,* 18 *Ga. App.* 197 (89 S. E. 181). A general demurrer to a petition or an oral motion to dismiss should not prevail where any part of the petition is good to the extent of setting out a cause of action. *Mayor &c. of Athens* v. *Smith,* 111 *Ga.* 870 (36 S. E. 955); *Adkins* v. *Salmon,* 32 *Ga. App.* 459 (123 S. E. 730). A pleading which is demurred to as a whole, if good in part, will stand, and the demurrer will be overruled. *Adkins* v. *Salmon,* supra, p. 460.

While the personalty sought to be recovered in an action in bail trover must be sufficiently and adequately described so that the same can be identified by the officer serving the process, the personalty sued for here was, as a whole, sufficiently definite to withstand a general demurrer. In *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879, 882 (48 S. E. 333), the court held: "Of course, if the description is altogether general, and there is nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of the law is not met. To mortgage 'one horse' is absolutely indefinite. . . But 'one bay horse bought from J,' is far more particular, and limits the range of the parol evidence to the identification of a singular animal." In *Crews* v. *Roberson,* 62 *Ga. App.* 855 (10 S. E. 2d, 114), this court ruled: "In a trover suit, if the description of the property is altogether general, as for example 'one horse,' and there is nothing in the description by which the thing attempted to be described can be separated from the general mass of similar articles, the requirement of the law is not met; however, if the horse is described as 'one bay horse bought from a named person,' this

presents an entirely different aspect of the matter which is sufficient. Therefore, a description '650 sticks of tobacco' would not be sufficient; but where the description of '650 flu cured sticks of tobacco' singles them out from the altogether general mass of sticks of tobacco, and *limits* the range of parol evidence to *the identity* of those 650 sticks of tobacco which are described as 'being in weight about eight hundred (800) pounds of cured tobacco, of the value of two hundred and forty ($240) dollars; said described tobacco being part of the same that was planted, grown, gathered and cured by W. L. Crews, as a sharecropper, of I. J. Roberson'" on the latter's farm in 1939. It was held that "this description is sufficient." Again in *Hathcock* v. *Hathcock*, 52 *Ga. App.* 805 (184 S. E. 785), it was held: "A description in the petition and in the affidavit for bail in an action for trover, of the property as 'one Singer sewing machine' in the possession of the defendant, which belongs to the plaintiff, or to which the plaintiff claims title, constitutes a sufficient description of the property, and it appears therefrom that the plaintiff and not the defendant is entitled to the property." In *Bank of Sparta* v. *Butts*, 1 *Ga. App.* 771 (57 S. E. 1061), it was held: "A petition in an action of trover which sets out a description of the property, and its value, title thereto in the plaintiff, possession in the defendant and a refusal to deliver on demand, is good against general demurrer."

See also *Charles* v. *Valdosta &c. Co.*, 4 *Ga. App.* 733 (62 S. E. 493); *Seaboard Security Co.* v. *Goodson*, 51 *Ga. App.* 512 (180 S. E. 858), to the same effect.

It follows that the description of the property in this petition, as amended, as shown by the exhibit thereto was sufficiently described as against a general demurrer. As to some of the articles, it would take a special demurrer to reach the inadequacy of the description thereof, and where some of said articles are sufficiently set forth, and there is no special demurrer, the defendant's oral motion to dismiss the entire petition because some of the articles set out and sued for are not described with such definiteness as is required, will not be sustained. If any article is adequately set out, then the petition as a whole was good against the oral motion to dismiss.

There is nothing to the contrary in *Collins* v. *West*, 5 *Ga.*

*App.* 429 (63 S. E. 540), nor in *McElhannon* v. *Farmers Alliance Warehouse &c. Co.*, 95 *Ga.* 670, 673 (22 S. E. 686), and others, relied on by defendant in error. The fact that this action was for bail in trover does not, under the facts, alter our holding. As against the general demurrer or oral motion, there were some of the articles sued for sufficiently described in the exhibit, and no special demurrer having been directed thereto, it was error for the trial court to sustain said oral motion and dismiss the plaintiff's petition.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*