34330. PACIFIC NATIONAL FIRE INS. CO. *v.* BEAVERS.

DECIDED November 25, 1952.

296

*Dykes, Dykes & Marshall,* for plaintiff in error.
*Fort & Fort,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first two special grounds of the amended motion for a new trial complain of the court's refusal to declare a mistrial. To the question, "Did Mr. Tommy Hooks ever put any value on that barn for you?" the plaintiff replied, "No, sir, the Clements man offered $1000." The court ruled out this answer, instructed the jury to disregard it, and denied the motion for a mistrial. Again, the question was put, "What value did Mr. Ward put on that property?" This question was objected to, and the court ruled that "it would possibly be admissible as an admission" by the adjuster, agent of the insurance company, as to the valuation of the property. The plaintiff replied, "He told me, we are authorized to offer you $1000." The motion for a mistrial was repeated, and the court stated: "Any statement with reference to a compromise offer is ruled out. We will overrule your motion for a mistrial. I think the jury can weigh that."

The rule stated in Code § 38-408 is that admissions or propositions made with a view to compromise are not proper evidence. Its meaning is amplified in *Teasley v. Bradley,* 110 *Ga.* 497, 507 (35 S. E. 782), as follows: "There is a distinction between an offer or proposition to compromise a doubtful or disputed claim,

and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer of the latter character will be admissible when one made in an offer of the former character will not. . . It amounted to nothing more than a demand for settlement and an offer to accede to plaintiff's demand upon certain terms, thereby impliedly acknowledging the right of the plaintiff to demand a settlement at the hands of defendant. Neither the allegations nor the proof offered in support thereof were subject to the objection that they related to a proposition to compromise." In *Austin* v. *Long*, 5 *Ga. App.* 551 (63 S. E. 640) it is held as follows: "And even if a general proposition of settlement has been made by one party, the admissions of the opposite party may be admissible if no specific terms of compromise have been suggested; and the admissions of a party who may desire a settlement are not to be excluded where, so far as appears from the evidence, the opposite party did nothing to induce the statement and did not contemplate a compromise or abatement of his demand." See also *Hening & Hagedorn* v. *Glanton*, 27 *Ga. App.* 339 (2) (108 S. E. 256). Since the testimony did not show a purpose on the part of either plaintiff or defendant to surrender any alleged right for the purpose of reaching a compromise or disposing of the dispute, the trial court properly denied the motion for mistrial and instructed the jury that, if they should find the offer was made in a spirit of compromise, they should disregard it. Further, it not appearing that the offer was made in an effort to compromise a disputed liability, the testimony would be admissible on the issue of whether or not the award made by the arbitrators was so grossly inadequate as to constitute a badge of fraud, as alleged.

■ An assignment of error on the judgment denying the defendant's motion for a nonsuit at the close of the plaintiff's evidence will not be considered where the trial results in a verdict for the plaintiff, and where the defendant later files a motion for a new trial on the ground that the verdict is without evidence to support it. *Firemen's Insurance Co.* v. *Blount*, 52 *Ga. App.* 223 (1) (183 S. E. 111); *Kalas* v. *Fay*, 31 *Ga. App.* 109 (2) (120 S. E. 28); *Georgia Granite Corp.* v. *Union Granite Co.*, 31 *Ga. App.* 261 (4) (120 S. E. 547); *Smith* v. *Barr*, 32 *Ga. App.*

53 (122 S. E. 626). This special ground is without merit.

■ The fourth special ground of the amended motion for a new trial complains of the admission of evidence of a witness for the plaintiff taken upon a former trial of the case, on the ground that there was not sufficient testimony to establish the inaccessibility of the witness, there being no medical testimony, and the plaintiff, who was a layman, stating on oath that the witness was suffering from a lung infection and was that week having a lung removed at the hospital. There was no objection based on the ground that such infirmity would not render the witness "inaccessible" within the meaning of Code § 38-314, but only on the ground that the witness was incompetent to prove the facts to which he testified. This objection is without merit, it not appearing that the plaintiff was not testifying from his own knowledge of the facts. The admission of evidence taken on a former trial under such circumstances is a matter within the sound discretion of the court. *Brooks* v. *State*, 69 *Ga. App.* 697 (4) (26 S. E. 2d, 549); *Sheppard* v. *State*, 167 *Ga.* 326 (3) (145 S. E. 654); *Estill* v. *C. & S. Bank*, 153 *Ga.* 618 (6b) (113 S. E. 552). This ground is without merit.

■ The agreement and proceedings thereunder for the appraisal of the fire damage, which were entered into under the terms of the policy of insurance, did not constitute either a common-law or statutory arbitration, but a mere contractual method of ascertaining the loss. *Universal Laundry & Cleaners* v. *General Ins. Co. of America*, 64 *Ga. App.* 68, 71 (12 S. E. 2d, 181); *National Fire Ins. Co.* v. *Shuman*, 44 *Ga. App.* 819 (2) (163 S. E. 306); *Ozburn* v. *National Union Fire Ins. Co.*, 45 *Ga. App.* 33, 38 (163 S. E. 321). The appointment of an umpire by the court was pursuant to the stipulation in the fire policy and also pursuant to the terms of Code § 56-817, the stipulation conferring no other or greater authority upon the umpire than that conferred by statute. *National Fire Ins. Co.* v. *Shuman, supra.* Such an award, however, while a creature of contract rather than of law, may presumably be attacked for any reason which would void a contract, and also for fraud in the arbitrators or in either party in obtaining the award, for a palpable mistake of law, or for a reference of any matter to chance or lot under Code § 7-111. *Eberhardt* v. *Federal Ins. Co.*, 14 *Ga. App.* 340,

344 (80 S. E. 856) ; *Johns* v. *Security Ins. Co.*, 49 *Ga. App.* 125 (2) (174 S. E. 215). Unless set aside, it is binding on the parties as to the amount of damage in the event the jury finds for the plaintiff on the issue of liability. *U. S. Fidelity & Guaranty Co.* v. *Corbett*, 35 *Ga. App.* 606, 613 (134 S. E. 336) ; *Firemen's Insurance Co.* v. *Blount*, 52 *Ga. App.* 223, 227 (183 S. E. 111) ; *National Union Fire Insurance Co.* v. *Ozburn*, 57 *Ga. App.* 90, 95 (194 S. E. 756).

Paragraphs 9 and 10 of the petition contain the allegations of fraud on which the appraisal is sought to be set aside, as follows: "Petitioner shows that this pretended arbitration amounted to nothing in that petitioner was not permitted to submit the testimony as to the value of the property and did not have any notice of a hearing of said arbitration. 10. Petitioner shows that the arbitrators awarded the sum of $375 as damages which sum is so inadequate as to impute fraud and a lack of consideration of the proper evidence that should have been submitted for their consideration." The evidence shows: that the two appraisers and the umpire each examined the property in question; that the appraiser appointed by the insurance company and the umpire made inquiries concerning the condition of the barn before it burned from those in the vicinity; that the appraiser appointed by the insurance company had been personally familiar with the barn over a period of years; that he passed it every week; and that, about twelve months before, he had examined it carefully with a view to buying it and removing the timber; that he considered it unserviceable, found many timbers rotted, and found the barn itself leaning at an angle; and that no repairs had been made on it between that time and the time of the loss. It further appears from the evidence that the three appraisers did meet and, two of them agreeing, made an award stating cash value and loss as required by the policy and the arbitration agreement under which they were appointed. Nothing in either of these documents required that the plaintiff be given notice of the meeting or an opportunity to testify thereat; in fact, these documents require the appraisers and umpire merely to "appraise the loss." Where the award is contractual, as here, the method by which the appraisers shall act must be determined in accordance with the

terms of the policy. *Eberhardt* v. *Federal Insurance Co.*, supra; *United States Fidelity & Guaranty Co.* v. *Corbett*, supra. See also *Alliance Insurance Co.* v. *Williamson*, 36 *Ga. App.* 497 (3) (137 S. E. 277).

The only remaining allegation is that the award was so grossly inadequate as to constitute a badge of fraud. In *Johns* v. *Security Insurance Co.*, supra, headnote 5c, it is held as follows: "Where the arbitrators are governed by proper methods and act in good faith, much discretion is vested in them. Their award will not be vacated merely because it is in fact either excessive or inadequate. In general, an award is conclusive as to the amount of loss, but where the error is so great as to be indicative of gross partiality, undue influence, or corruption, then there exist grounds for setting aside the award. If in every case it might be shown that the arbitrators omitted to consider some element of damage, their arbitration would rarely be final."

The evidence here is gravely in dispute as to the value of the barn. The plaintiff himself, while testifying that it was worth over $2000, also testified that "Ben Stevens offered me $125 or $150 for it once; I am not sure; Miss Annie Mae did not offer me anything." Two other witnesses testified for the plaintiff that it was a good barn with sound timber, and one of them stated that such a building could not now be built for $3000, but neither attempted to set a cash value on it at the time of the loss. The appraiser appointed by the insurance company testified that he had wanted to help the plaintiff, and had agreed to a larger sum than he thought the barn was worth. The umpire testified that, after examining the foundation and talking with people in the community, he suggested $375, which he thought more than the place was worth, and another witness for the defendant also testified that he was familiar with the building, that the roof and walls were in bad condition, and that it was not worth over $200.

Great inadequacy of consideration joined with great disparity of mental ability, or when so gross as combined with other circumstances to amount to a fraud, is a ground for setting aside a sale. Code, §§ 37-710, 96-105. As to contracts generally, great inadequacy of consideration is a strong circumstance to

evidence fraud, but inadequacy of consideration alone will not void a contract. § 20-307. In any case some other circumstance, such as fraud, mistake, misapprehension, surprise, irregularity, or anything else which conduces to the inadequacy of price, will be readily seized upon to void an agreement where the inadequacy is "such as to shock the moral sense." *Smith* v. *Georgia Loan & Trust Co.*, 114 *Ga.* 189, 192 (39 S. E. 846). See also *Suttles* v. *Sewell*, 105 *Ga.* 129 (1) (31 S. E. 41); *Palmour* v. *Roper*, 119 *Ga.* 10 (5) (45 S. E. 790). There is, however, a presumption in favor of the regularity and fairness of awards, and it is difficult to attempt to set them aside. *Johns* v. *Security Insurance Co.*, supra. And where there is no evidence of fraud, oppression, irregularity, or unfairness, other than on the disputed issue of value, and no other circumstances tending to raise the issue, a verdict in the amount of the award is demanded. *Tinsley* v. *Maddox*, 176 *Ga.* 471 (7, 8) (168 S. E. 297); *Johns* v. *Security Insurance Co.*, supra; *Eberhardt* v. *Federal Insurance Co.*, supra; *Overby* v. *Thrasher*, 47 *Ga.* 11 (3); *Brand* v. *Sorrells*, 61 *Ga.* 163; *Alliance Insurance Co.* v. *Williamson*, 36 *Ga. App.* 497 (4), supra; *National Fire Insurance Co. of Hartford* v. *Bennett*, 36 *Ga. App.* 586 (137 S. E. 570).

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*