34419. KELLY *v.* TINGLE.

Decided May 13, 1953.

*Leiter & Leiter*, for plaintiff in error.

*George Starr Peck*, contra.

WORRILL, J.   Under the state of the record and bill of exceptions in this case, we have for consideration only the question of whether the petition as finally amended set forth a cause of action as against the general demurrer.   Code § 6-1607; *Collins* v. *Carr*, 111 *Ga.* 867 (1) (36 S. E. 959); *Strickland* v. *Roe*, 66 *Ga. App.* 571 (1) (18 S. E. 2d 567); *Hall* v. *Davis*, 75 *Ga. App.* 819, 820 (44 S. E. 2d 685).

As was said by Judge Parker speaking for this court in *Vickers* v. *Georgia Power Co.*, 79 *Ga. App.* 456, 458 (54 S. E. 2d 152): "All that a plaintiff need allege to withstand the attack of a general demurrer is the factum of  .  .  .  [a] duty, whether [arising] by contract or otherwise, a violation of that duty, and damages resulting from that violation.   41 Am. Jur., Pleading, § 78."   In the instant case the allegations show simply the relationship of landlord and tenant between the plaintiff and the defendant, the defendant being the tenant, an agreement there-

under for the payment of a certain sum monthly as rental on the premises in question, and the failure of the defendant to pay such sum for a period during the time when the obligation subsisted. Further, there are other allegations showing a new agreement between the parties, under which certain obligations devolved upon the defendant respecting the payment of sums in connection with the termination of the former agreement, and allegations showing clearly a failure on the part of the defendant to perform the obligations devolving upon her under the alleged new agreement. As against the general demurrer, and without regard to the other allegations in the petition, these allegations, at least, were sufficient. *Bowles* v. *White*, 206 *Ga.* 433 ( 57 S. E. 2d 547); *O'Hara* v. *Youmans*, 82 *Ga. App.* 164, 165 (60 S. E. 2d 841).

The trial court did not err in overruling the general demurrer to the petition as finally amended.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*