35196. GILDER *v.* UNDERWRITERS AT LLOYD'S.

DECIDED OCTOBER 14, 1954—REHEARING DENIED DECEMBER 8, 1954.

*Saul Blau, David Krasner,* for plaintiff in error.

*Dudley Cook,* contra.

NICHOLS, J. 1. The court did not err in admitting the document offered in evidence by the defendant which contained the submission agreement and appraisal, over the objection made on the trial and set out in the first special ground of the motion for new trial: that it was not a true copy and did not show that it was properly executed and sworn to. Different notaries appeared as having sworn the appraisers, and there was a variance in the date of the umpire's oath of qualification. That the appraiser's oath appeared to have been administered by different notaries would be no objection to the admission of their appraisal; and, as the umpire was not called upon to act, his selection and qualification were unnecessary to the validity of the proceeding. *Universal Laundry & Cleaners, Inc.* v. *General Insurance Co.,* 64 *Ga. App.* 68 (12 S. E. 2d 181).

2. In the second special ground, the plaintiff complains of the judgment, in which the court "concluded that there is not sufficient evidence upon which to base the setting aside of the appraisal in this case." It is contended that, since the plaintiff's evidence was sufficient to have authorized the court to set aside the appraisal, the court should have considered the issues according to the preponderance of the evidence. But the judgment rendered shows that this is what the court did. It amounts to a finding that there was not enough evidence to convince the court, as the trior of the facts, that the appraisal should be set aside. It does not state that there was an absence of any evidence authorizing him to set aside the appraisal, as the plaintiff contends. This ground shows no error.

3. With regard to the general grounds of the motion for new trial, it appears that the appraisers were appointed as provided in the policy; that they met and inspected the damaged tractor; and that they agreed upon $775 as representing the loss attributable to fire. Since this proceeding was not a statutory arbitration, but was merely a method of ascertaining loss where liability in some amount under the terms of the policy was admitted, and since there were no provisions in the contract requiring the appraisers to qualify under oath, any defects in the manner in which the appraisers were sworn are immaterial. *Alliance Ins. Co.* v. *Williamson*, 36 *Ga. App.* 497 (3) (137 S. E. 277). The terms of the policy providing for an appraisal are unambiguous, and parol evidence was not competent to explain or add to them; nor was the testimony of the appraisers themselves competent to impeach their finding of the amount of fire loss. *Eberhardt* v. *Federal Ins. Co.*, 14 *Ga. App.* 340 (80 S. E. 856); *Johns* v. *Security Ins. Co.*, 49 *Ga. App.* 125 (174 S. E. 215); *Overby* v. *Thrasher*, 47 *Ga.* 10.

While there was some evidence tending to show ex parte interference by the Underwriters' adjuster with the proceedings of the appraisers, in submitting previously made estimates of costs of repair to the appraisers, this evidence was in conflict with the testimony of Barnes to the effect that the appraisers did not have or receive any estimates, other than salvage offers which they had secured themselves. The court was authorized to accept this testimony in support of the appraisal.

Several witnesses testified that the value of the truck before the upset and the fire was at least $4,000. Various witnesses estimated the loss due to the upset at $225, $800, $2,000, and $3,250. The highest bid obtained by the plaintiff for salvage of the truck was $256. The finding of the appraisers fixing the *fire* loss at $775 was not so inadequate as to require the court to set the appraisal aside.

Accordingly, the judgment of the court without a jury is supported by the evidence, and it was not error to refuse a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*