35535. JORDAN *v.* GENERAL INSURANCE COMPANY OF AMERICA.

CARLISLE, J.  1.  Where, in an action on a policy of fire insurance to recover the face amount of the policy on account of the alleged total destruction of a dwelling and its furnishings covered by the policy, and to have an appraisement award, fixing the amount of loss for which provision is made in the policy, set aside on account of mistake and fraud, it is alleged in the petition that the plaintiff purchased the policy of insurance from the defendant to cover the dwelling and its furnishings on a given date; that the policy was in full force and effect on the day on which the dwelling and furnishings were destroyed by fire; that the plaintiff had filed the requisite proof of loss with the defendant; that her claim for the loss of the dwelling and its furnishings had been submitted to named appraisers in compliance with the provisions of the policy; that the appraisers had entered their award and furnished copies to the plaintiff and the defendant; that the plaintiff had made demand on the defendant for the face amount of the policy, but the defendant failed and refused to pay the face amount of the policy or any part thereof; that the appraisal award insofar as it appertained to the house was based on mistake, in that the appraisers were under a misapprehension as to what portion of the house was usable in making their estimate of the cost of repairing the house; that the appraisers were under a misapprehension as to the usableness of the plumbing in repairing the house, and the appraisers failed to take into account the fair and reasonable market value of the house prior to the fire, and what the fair and reasonable market value of the house would be after it had been repaired in accordance with their estimate of the cost of repairs; and that the appraisement award as to the house was inadequate, unfair, and a mistake; that the appraisement award insofar as it appertained to the furnishings was so inadequate, unfair, and unreasonable as to amount to a fraud and an unfair advantage against the plaintiff—the petition stated a cause of action and the trial court erred in sustaining a general demurrer thereto.

2. In such a case as indicated in division 1, the appraisement award is the result of a mere contractual method of ascertaining the loss. *Pacific Nat. Fire Insurance Co.* v. *Beavers*, 87 *Ga. App.* 294, 298 (73 S. E. 2d 765); *Universal Laundry & Cleaners* v. *General Ins. Co. of America*,

64 *Ga. App.* 68, 71 (12 S. E. 2d 181); *National Fire Ins. Co.* v. *Shuman,* 44 *Ga. App.* 819 (2) (163 S. E. 306); *Ozburn* v. *National Union Fire Ins. Co.,* 45 *Ga. App.* 33, 38 (163 S. E. 321). And unless the award is set aside, it is binding on the parties as to the amount of loss; that is to say, the award constitutes the measure of damage or a limitation upon the insurer's liability. The award, however, is not decisive of the question of the insurer's ultimate liability under. the terms of the policy. A suit on the policy would be determinative of that issue. *Republic Iron & Steel Co.* v. *Norris,* 25 *Ga. App.* 809 (104 S. E. 921); *Willingham* v. *Veal,* 74 *Ga.* 755 (3); *Eberhardt* v. *Federal Ins. Co.,* 14 *Ga. App.* 340 (80 S. E. 856); *United States Fidelity &c. Co.* v. *Corbett,* 35 *Ga. App.* 606, 613 (134 S. E. 336); *Central R. & Bkg. Co.* v. *Rogers' Sons,* 57 *Ga.* 336 (2). The present action is one on the policy, which incidentally seeks to void the award so as not to be limited in the amount of the recovery by the amount of the award of the appraisers. The plaintiff alleges that the contract of fire insurance between herself and the defendant was in full force and effect at the time of the loss of.her dwelling and its furnishings, which were covered by the policy; that she had complied with the terms of the policy in submitting her proofs of loss and in submitting her claim to arbitration; and that her loss equaled the face amount of the policy; but that the defendant had failed and refused, on demand, to pay her her loss or any part thereof. As against general demurrer, these allegations stated a cause of action on the policy. *Kelly* v. *Tingle,* 88 *Ga. App.* 185, 187 (76 S. E. 2d 429).

3. Such an award in such a case as is indicated in divisions 1 and 2, "while a creature of contract rather than of law, may presumably be attacked for any reason which would void a contract, and also for fraud in the arbitrators or in either party in obtaining the award, for a palpable mistake of law, or for a reference of any matter to chance or lot under Code § 7-111. *Eberhardt* v. *Federal Ins. Co.,* 14 *Ga. App.* 340, 344 (80 S. E. 856); *Johns* v. *Security Ins. Co.,* 49 *Ga. App.* 125 (2) (174 S. E. 215)." *Pacific National Fire Ins. Co.* v. *Beavers,* supra. Taking the allegations of the petition which seek to void the award as true as against a general demurrer, a question of fact was raised for the determination of the jury as to whether or not the award was so inadequate as to be fraudulent. *Pacific Nat. Fire Ins. Co.* v. *Beavers,* supra; *Johns* v. *Security Ins. Co.,* 49 *Ga. App.* 125 (2) (174 S. E. 215); *Smith* v. *Georgia Loan &c. Co.,* 114 *Ga.* 189, 192 (39 S. E. 846).

4. The suggestion of counsel for the defendant that the Supreme Court and not the Court of Appeals has jurisdiction of this case is without merit. "In all cases of fraud . . . equity has concurrent jurisdiction with the law" (Code § 37-701); but the court, whether of equity or of law, first taking cognizance of the case will retain it. *Penn Mutual Life Ins. Co.* v. *Childs,* 189 *Ga.* 835, 838 (7 S. E. 2d 907). As the present case involves an action on a contract of insurance and is an action at law, the Supreme Court does not have jurisdiction of the appeal simply by virtue of the fact that the case also incidentally involves a question of fraud.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided April 19, 1955—Rehearing denied May 18, 1955.

*John H. Hudson, J. Walter LeCraw*, for plaintiff in error.

*Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

Nina B. Jordan brought an action against General Insurance Company on a policy of insurance to recover for the loss of her house and its furnishings when they were destroyed by fire. The material allegations of the petition were substantially these. The defendant is indebted to the plaintiff in the sum of $7,000 by reason of the following facts. On June 20, 1952, the plaintiff purchased from the defendant a fire-insurance policy covering her dwelling which was valued at $5,000, and covering the furnishings of the dwelling which were valued at $2,000. The policy was in full force and effect on March 22, 1953, on which date the house and its furnishings were destroyed by fire, and the house and its furnishings were a total and complete loss. By the terms of the policy, the plaintiff was required to file proof of loss with the defendant within a specified time, which she did. The policy required the submission of the plaintiff's claim of loss to a board of appraisers, with which requirement the plaintiff has complied, and the appraisers have examined the property and returned their assessment. On the dwelling they fixed the damage at $3,338, and on the furnishings they fixed the damage at $579, making a total of $3,917. The appraisal was made and delivered to the plaintiff and to the defendant on or about October 10, 1953, and the defendant has a copy of the appraisal. The house cannot be repaired and placed in as good condition as it was prior to the fire for $3,338. The appraisal on the furniture of $579 is so inadequate that it amounts to little more than 25% of the cost of the furniture and very little more than 25% of the cost of replacing the furniture, and is only 25% of the actual value of the furniture. The plaintiff has demanded payment of the proceeds of the policy, which has been refused, and the defendant still fails and refuses to pay the policy or any part of it, either on the dwelling or on the furnishings. The appraisal of the damage to the house was based on a misapprehension, in that the appraisers made an estimate of the part of the house which was not reduced to ashes as usable, when, as a matter of fact, it was not usable to the extent of approximately $1,000. This

appraisal was based on a wrong estimate of what portion of the house remained which could be used in reconstructing the house. The appraisal was based on the further misapprehension that the water lines, water pipes, and plumbing could be reused in the house, when, as a matter of fact, they were unfit for such use. A fair and reasonable estimate and appraisal of the cost of repairing the house would have been $4,250. The house cannot be repaired and put in as good condition as it was immediately before the fire for the sum fixed by the appraisal. Further, the appraisers did not take into consideration what was a fair and reasonable market value for the house before the fire and did not fix or consider what would be a fair and reasonable market value when $3,338 had been expended in repairing the house. For these reasons, the appraisal is wholly inadequate and *unfair* to the plaintiff *and is a mistake*. The actual fair and reasonable market value of the furnishings after the fire was about $103. Its fair and reasonable replacement cost would be from $2,000 to $2,700. Further, the appraisal did not take into consideration nor did it mention the replacement value of the hot-water heater, which was wrecked when it exploded in the fire, nor did the appraisal take into account a washing machine of the reasonable value of $179, and three rugs of the value of $15 each, all of which items were totally destroyed. The appraisal of the furniture at $579 is so inadequate, so unfair, and so unreasonable as to amount *to a fraud* and an unfair advantage against the plaintiff. Wherefore, the plaintiff prays that she have a judgment against the defendant in the sum of $7,000, and that said appraisal be set aside, canceled, and declared null and void.

The trial court sustained a general demurrer to the petition and dismissed it. The plaintiff has brought the present writ of error to have that judgment reviewed.